SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

| | |
|---|---|
| JOHN MARTIN, | Index No.: |
| Plaintiff, | |
| -against- | **SUMMONS** |
| FRANCISCAN BROTHERS OF BROOKLYN f/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS, ST. ANTHONY'S HIGH SCHOOL, FRANCISCAN BROTHER NOEL DOE (LAST NAME UNKNOWN), FRANCISCAN BROTHER GARY DOE (LAST NAME UNKNOWN), and DOES 1 through 5, | **JURY TRIAL DEMANDED** |
| Defendants. | |

---

To the above named Defendant(s)

    Franciscan Brothers of Brooklyn f/k/a Congregation of the Religious
    Brothers of the Third Order Regular of St. Francis,
    135 Remsen Street, Brooklyn, New York 11201

    St. Anthony's High School,
    275 Wolf Hill Road, South Huntington, New York 11747

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue is Defendant's principal place of business, which is in the County of Nassau.

Dated: June 14, 2021

                                                        /s/ *Stephen A. Weiss*
                                                        Stephen A. Weiss (NY ID# 2413342)

1

Michael Rosenberg (NY ID# 2375798)
Philippa Ratzki (NY ID# 5613898)
SEEGER WEISS LLP
100 Church Street
8th Floor, Suite 835
New York, NY 10005
Phone: 212-584-0700
Fax:     212-584-0799
sweiss@seegerweiss.com
mrosenberg@seegerweiss.com
pratzki@seegerweiss.com

Gerald J. Williams (NY ID #5620695)
Shauna L. Friedman (NY ID#5609755)
WILLIAMS CEDAR, LLC
1515 Market Street, Suite 1300
Philadelphia, Pennsylvania 19102-1931
Phone: 215.557.0099
Fax:     215.557.0673
gwilliams@williamscedar.com
sfriedman@williamscedar.com

Michelle Simpson Tuegel (NY ID #5733639)
THE SIMPSON TUEGEL FIRM
3301 Elm Street
Dallas, TX 75226
Phone: 214.774.9121
michelle@stfirm.com

**Of Counsel:**

Muhammad S. Aziz
ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & AZIZ
800 Commerce Street
Houston, Texas 77002-1776
Phone: 713-222-7211
Fax:     713-225-0827
maziz@awtxlaw.com

*Pro Hac Vice* **Application to be Filed:**

Beth G. Cole
WILLIAMS CEDAR, LLC
1515 Market Street, Suite 1300
Philadelphia, Pennsylvania 19102-1931

2

Phone: 215.557.0099
Fax:    215.557.0673
bcole@williamscedar.com

***Attorneys for Plaintiff***

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

| | |
|---|---|
| JOHN MARTIN, | Index No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| FRANCISCAN BROTHERS OF BROOKLYN f/k/a CONGREGATION OF THE RELIGIOUS BROTHERS OF THE THIRD ORDER REGULAR OF ST. FRANCIS, ST. ANTHONY'S HIGH SCHOOL, FRANCISCAN BROTHER NOEL DOE (LAST NAME UNKNOWN), FRANCISCAN BROTHER GARY DOE (LAST NAME UNKNOWN), and DOES 1 through 5, | **JURY TRIAL DEMANDED** |
| Defendants. | |

---

Plaintiff, John Martin, by and through the undersigned attorneys, complains of Defendants, Franciscan Brothers of Brooklyn f/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis, St. Anthony's High School, Franciscan Brother Noel Doe (last name unknown), Franciscan Brother Gary Doe (last name unknown), and Does 1 through 5, and alleges on personal knowledge as to himself and on information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff John Martin is a 61-year-old resident of Tennessee. Plaintiff was approximately 14 years old at the time of the sexual abuse alleged herein.

2. The Roman Catholic Diocese of Rockville Centre (hereinafter "Rockville Centre Diocese") is a relevant non-party to this matter. The Rockville Centre Diocese was and continues to be an organization or entity which includes, but is not limited to, civil corporations, decision-making entities, officials and employees authorized to conduct business in the State of New York

1

with its principal place of business at 50 North Park Avenue, Rockville Centre, NY 11570, in Nassau County, New York. The Rockville Centre Diocese declared bankruptcy in October 2020, and the U.S. Bankruptcy Court for the Southern District of New York is overseeing a claims process for victims of childhood sexual abuse. Plaintiff intends to timely submit his claim against the Rockville Centre Diocese through that process.

3. Defendant Franciscan Brothers of Brooklyn f/k/a Congregation of the Religious Brothers of the Third Order Regular of St. Francis (hereinafter, "Franciscan Brothers") is and continues to be a religious order or religious organization or entity which includes, but is not limited to, civil corporations, decision-making entities, officials and employees authorized to conduct business in the State of New York with its principal place of business located at 135 Remsen Street, Brooklyn, NY 11201 in Kings County, New York. At all times material hereto, Defendant Franciscan Brothers of Brooklyn owned and operated Defendant St. Anthony's High School under the authority of the Rockville Centre Diocese.

4. Defendant St. Anthony's High School (hereinafter "St. Anthony") is a Roman Catholic, Franciscan college preparatory school located at 275 Wolf Hill Road, South Huntington, NY 11747, in Suffolk County, New York. The school was founded in 1933 by Defendant Franciscan Brothers of Brooklyn. It was located in Smithtown, Suffolk County, New York until moving to its current location in 1983. At all times material hereto, Defendant Franciscan Brothers owned, operated, administered, controlled, supervised, staffed and otherwise operated Defendant St. Anthony under the authority of Rockville Centre Diocese.

5. Defendant Franciscan Brother Noel Doe (last name unknown) (hereinafter "Brother Noel") is named herein using a "Doe" nomenclature pursuant to CPLR §1024 because, at the time of filing this Complaint, Plaintiff, a young minor at the time of the alleged abuse, only knows part

2

of Brother Noel's true name. Upon information and belief, at all times material hereto, Defendant Brother Noel was a resident of the State of New York and currently resides in an unknown location. Defendant Brother Noel was at all times material hereto and agent of and subject to the supervision and control of Defendants Franciscan Brothers and St. Anthony under the authority of Rockville Centre Diocese.

6. Defendant Franciscan Brother Gary Doe (last name unknown) (hereinafter "Brother Gary") is named herein using a "Doe" nomenclature pursuant to CPLR §1024 because, at the time of filing this Complaint, Plaintiff, a young minor at the time of the alleged abuse, only knows part of Brother Gary's true name. Upon information and belief, at all times material hereto, Defendant Brother Gary was a resident of the State of New York and currently resides in an unknown location. Defendant Brother Gary was at all times material hereto an agent of and subject to the supervision and control of Defendants Franciscan Brothers and St. Anthony's High School, and under the authority of Rockville Centre Diocese.

7. Each of Defendants Does 1 through 5, inclusive, is being sued under fictitious names pursuant to CPLR §1024. Plaintiff does not know the true names, identities, and capacities of Does 1 through 5, whether individual, corporate, associate, or otherwise. When their true names, identities, and capacities are known to Plaintiff, Plaintiff will seek to amend this Complaint to identify them.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over the Defendants pursuant to CPLR §§301 and 302, because Plaintiff's claims arise from the tortious acts of Defendants that were committed in the State of New York.

9. The Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

10. Venue is proper in the County of Nassau under CPLR §503 because at least one of the parties to this suit resides in this county at the time this suit was commenced and all or a substantial part of the events or omissions giving rise to this cause of action occurred in Nassau County, New York.

11. The federal courts lack jurisdiction over this suit. Plaintiff's claim raises no federal question nor does Plaintiff seek relief under a federal law, statute, regulation, treaty, or the United States Constitution. Accordingly, Plaintiff's right to relief does not depend on the resolution of a substantial question of federal law. Further, this lawsuit cannot be removed because there is no complete diversity, as at least one Defendant resides or has their principal place of business in New York. Therefore, removal would be improper.

## HISTORY OF ABUSE AND COVER-UP WITHIN THE CHURCH

12. The Catholic Church has a long and well-documented history of child sexual abuse by priests. The issue became the subject of widespread media coverage and public attention in the United States in 2002 after publication of the groundbreaking Spotlight series on the cover up of clergy sex abuse by Cardinal Bernard Law in the Boston Archdiocese by the Boston Globe.[1]

13. The problem reached a tipping point in 2018 after publication of a watershed report of Pennsylvania Attorney General's grand jury investigation into six Roman Catholic dioceses in Pennsylvania showing pervasive patterns of abuse and cover up within the Church.[2]

---

[1] Michael Rezendes, *Church Allowed Abuse by Priest for Years*, The Boston Globe: Spotlight Series (Jan. 6, 2002), https://www.bostonglobe.com/news/special-reports/2002/01/06/church-allowed-abuse-priest-foryears/cSHfGkTIrAT25qKGvBuDNM/story.html.

[2] Commonwealth of Pennsylvania: Office of the Attorney General, *Report I of the Fortieth Statewide Investigating Grand Jury* (2018), https://www.attorneygeneral.gov/report/.

14. Among other things, the Pennsylvania grand jury report identified seven common strategies used by Pennsylvania state dioceses to cover sexual abuse, including

   a. "[U]s[ing] euphemisms rather than real words to describe the sexual assaults in diocese documents."
   b. Not "conduct[ing] genuine investigations with properly trained personnel. Instead, assign[ing] fellow clergy members to ask inadequate questions and then make credibility determinations about the colleagues with whom they live and work."
   c. "[F]or an appearance of integrity, send[ing] priests for 'evaluation' at church-run psychiatric treatment centers. Allow[ing] these experts to 'diagnose' whether the priest was a pedophile, based largely on the priest's 'self-reports,' and regardless of whether the priest had actually engaged in sexual contact with a child."
   d. "[W]hen a priest does have to be removed, [not] say[ing] why. Tell[ing] his parishioners that he is on 'sick leave,' or suffering from 'nervous exhaustion.' Or say[ing] nothing at all."
   e. "[E]ven if a priest is raping children, keep[ing to] provid[e] him housing and living expenses, although he may be using these resources to facilitate more sexual assaults."
   f. "[I]f a predator's conduct becomes known to the community, [not] remov[ing] him from the priesthood to ensure that no more children will be victimized. Instead, transfer[ring] him to a new location where no one will know he is a child abuser."
   g. "Finally and above all, [not] tell the police."[3]

15. The report was one of the major reasons for the unprecedented wave of child sex abuse statute of limitation ("SOL") reform by states in 2019 and 2020, with many states, including New York, passing laws that eliminated or extended criminal and civil SOLs and revived expired civil SOLs.

## FACTS SPECIFIC TO PLAINTIFF

16. Plaintiff attended Defendant St. Anthony for school. When Plaintiff was approximately 14 years old, in or around 1974, he was sexually abused by Defendants Brother Noel and Brother Gary.

---

[3] *Id.* at 3.

5

17. Defendants Brother Noel and Brother Gary taught mathematics at Defendant St. Anthony. The sexual abuse by Defendant Brother Noel occurred during mathematics classes. When Plaintiff would get a question wrong in mathematics class, Defendant Brother Noel would make Plaintiff sit on his lap and Defendant Brother Noel's hand would be on Plaintiff's leg and would work its way up. Defendant Brother Noel would touch Plaintiff's genitals over Plaintiff's clothes. This happened a number of times.

18. The sexual abuse by Defendant Brother Gary also occurred during mathematic classes. Defendant Brother Gary would stand by Plaintiff's desk in his robe. Defendant Brother Gary would have his hand in his robe and would touch himself. Plaintiff could tell Defendant Brother Gary was not wearing anything under his robe.

19. Defendant Brother Gary was eventually sent away. Plaintiff recalls that it was considered an open secret that Defendant Brother Gary abused minors. Plaintiff left Defendant St. Anthony after three years and graduated from a public school.

20. Due to this abuse of Plaintiff by Defendants Brother Noel and Brother Gary, Plaintiff suffered emotional distress and chronic mental health issues which have required and/or will require counseling and other treatment.

### CAUSES OF ACTION AGAINST DEFENDANTS BROTHER NOEL AND BROTHER GARY

A. ASSAULT

21. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Defendants Brother Noel and Brother Gary's abuse of Plaintiff placed Plaintiff in imminent apprehension of harmful contact, was committed intentionally and in wanton disregard for the health and/or safety of Plaintiff, and is a tortious assault under the law of New York.

6

23. This assault was a proximate cause of the harms and damages to Plaintiff.

B. **BATTERY**

24. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendants Brother Noel and Brother Gary's uninvited and offensive touching of Plaintiff was a battery upon Plaintiff and a violation of Plaintiff's body and done intentionally in wanton disregard for the health and/or safety of Plaintiff.

26. This battery was a proximate cause of the harms and damages to Plaintiff.

C. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants Brother Noel and Brother Gary's conduct toward Plaintiff was extreme and outrageous. The damage that such conduct caused Plaintiff was intended by Defendants Brother Noel and Brother Gary, or Defendants Brother Noel and Brother Gary disregarded a substantial likelihood of the damage such conduct caused.

29. As a proximate result of Defendants Brother Noel and Brother Gary's actions, Plaintiff suffered severe emotional distress.

**CAUSES OF ACTION AGAINST DEFENDANTS FRANCISCAN BROTHERS, ST. ANTHONY, AND DOES 1 THROUGH 5**

A. **NEGLIGENCE**

30. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

31. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 held themselves out to be safe places for religious worship, spiritual development and growth, learning

and education, or engaging in youth and/or community activities. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 had, adopted, and/or assumed an express and/or implied duty to provide a reasonably safe environment for Plaintiff and assumed the duty to protect and care for him.

32. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 owed a duty of care to all minor persons, including Plaintiff, who were likely to come within the influence or supervision of Defendants Brother Noel and Brother Gary, in their roles as teacher, priest, counselor, trustee, director, officer, employee, agent, servant and/or volunteer.

33. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 breached their duties of care in one or more of the following ways:

   a. Negligently hiring Defendants Brother Noel and Brother Gary as they knew or should have known that they posed a threat of sexual abuse to children;

   b. Negligently retaining Defendants Brother Noel and Brother Gary as they knew or should have known that they posed a threat of sexual abuse to children;

   c. Negligently directing Defendants Brother Noel and Brother Gary as they knew or should have known that they posed a threat of sexual abuse to children;

   d. Negligently supervising Defendants Brother Noel and Brother Gary as they knew or should have known that they posed a threat of sexual abuse to children;

   e. Failing to investigate the background of Defendants Brother Noel and Brother Gary before placing them into close contact with Plaintiff;

   f. "Covering up" or otherwise failing to disclose the harmful acts of Defendants Brother Noel and Brother Gary;

   g. Failing to warn Plaintiff, his parents and/or legal guardians of Defendants Brother Noel and Brother Gary's conduct despite having constructive knowledge of sexual abuse;

   h. Failing to warn Plaintiff, his parents and/or guardians of Defendants Brother Noel and Brother Gary's conduct despite having actual knowledge of sexual abuse;

   i. Assigning or allowing Defendants Brother Noel and Brother Gary to have contact with Plaintiff despite having constructive and/or actual knowledge of sexual abuse;

8

j.  Minimizing, ignoring or excusing priestly misconduct over a period of decades;

k.  Failing to provide a safe environment to children and other parishioners within the churches, sacristies, schools and rectories operated and/or owned by Defendants;

l.  Failing to train priests and Diocesan employees to identify signs of child molestation by fellow employees;

m.  Failing to implement and maintain effective policies and procedures to prevent sexual abuse and abuse of children;

n.  Failing to investigate complaints of abuse properly;

o.  Failing to report Defendants Brother Noel and Brother Gary's sexual abuse to appropriate law enforcement agencies; and

p.  Failing to exercise due care under the circumstances.

34. As a foreseeable, direct, and proximate result of Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5's negligence, Plaintiff has suffered and will continue to suffer the injuries described herein.

**B. GROSS NEGLIGENCE**

35. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Plaintiff and the general public. The nature of Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above

9

and incorporated herein, to expose Plaintiff and others to sexual abuse and/or sexual assault, and exercised not even slight care or diligence. When viewed objectively from the standpoint of Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 at the time of their occurrence, said acts and omissions involved reckless disregard of or indifference to an extreme degree of physical, mental, and psychological risk and danger, considering the probability and the magnitude of the potential harm to others.

37. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a foreseeable, direct, and proximate cause of the occurrence and Plaintiff's injuries and damages.

C. **BREACH OF FIDUCIARY DUTY**

38. Plaintiff incorporates all proceeding paragraphs as if set forth fully herein.

39. There is a fiduciary relationship between Plaintiff and Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5. This relationship is based on the fact that Plaintiff trusted his physical, mental, psychological, and spiritual care to the priests, officers, directors, officials, employees, volunteers, servants, and/or all those acting as agents of Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 or on their behalf, who held themselves out as beholden to a spiritual and interpersonal duty to provide advice, benefit, and guidance to Plaintiff.

40. Because of this fiduciary relationship Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 were required and had a duty to act in the best interests of Plaintiff and to protect him while he was a minor child.

41. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 breached their fiduciary duty to Plaintiff. As a foreseeable, direct, and proximate result of Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5's breach of fiduciary duty, Plaintiff has suffered and will continue to suffer the injuries described herein.

### D. Fraudulent Concealment

42. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

43. For many years after Plaintiff's abuse at the hands of Defendants Brother Noel and Brother Gary, Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 engaged in a conscious, deliberate plan to conceal the abuse, including but not limited to:

   a. Concealing from the public the sexual abuse committed by Defendants Brother Noel and Brother Gary;

   b. Concealing the identities of Defendants Brother Noel and Brother Gary;

   c. Concealing from appropriate law enforcement officials the sexual abuse committed by Defendants Brother Noel and Brother Gary against Plaintiff and/or other minors;

   d. Attacking the credibility of Plaintiff and/or other victims of Defendants Brother Noel and Brother Gary; and

   e. Impeding or otherwise preventing Plaintiff and other victims from pursuing legal action against Defendants Brother Noel and Brother Gary.

44. Defendants Franciscan Brothers, St. Anthony, and Does 1 through 5 had a duty to disclose the information they concealed in Paragraph 43, and their concealment therefore amounted to a misrepresentation.

45. Defendants Franciscan Brothers of Brooklyn, St. Anthony, and Does 1 through 5 concealed this information with fraudulent intent, with the goal of inducing reliance.

46. Plaintiff, and others, justifiably relied upon Defendants Franciscan Brothers of Brooklyn, St. Anthony, and Does 1 through 5's concealment of this material information.

47. As a foreseeable, direct, and proximate result of Defendants Franciscan Brothers of Brooklyn, St. Anthony, and Does 1 through 5's concealment, Plaintiff suffered significant injuries.

## DAMAGES

48. Plaintiff seeks compensation for the following damages that resulted from this incident:

   a. Past mental anguish of Plaintiff, and that he will, in all probability, suffer in the future;

   b. Past physical pain and suffering of Plaintiff, and that he will, in all probability, suffer in the future;

   c. The medical expenses that Plaintiff has incurred in the past and will, in all probability continue to incur in the future;

   d. Past and future lost wages;

   e. Loss of earning capacity;

   f. Cost of suit;

   g. Reasonable and necessary attorney's fees;

   h. Punitive damages;

   i. Exemplary damages; and

   j. Any and all other damages to which Plaintiff may be justly entitled.

## PRESERVATION OF EVIDENCE

49. Plaintiff hereby requests and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes, audiotapes; recordings;

business records; medical records; billing records; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; emails; voice mail; text messages; investigations; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff(s), the references incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## JURY DEMAND

50. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendants in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; that Plaintiff recovers punitive damages; and for such other further relief; both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Dated: June 14, 2021

*/s/ Stephen Weiss*
Stephen A. Weiss (NY ID# 2413342)
Michael Rosenberg (NY ID# 2375798)
Philippa Ratzki (NY ID# 5613898)
SEEGER WEISS LLP
100 Church Street
8th Floor, Suite 835
New York, NY 10005
Phone: 212-584-0700
Fax: 212-584-0799
sweiss@seegerweiss.com

13

mrosenberg@seegerweiss.com
pratzki@seegerweiss.com

Gerald J. Williams (NY ID #5620695)
Shauna L. Friedman (NY ID#5609755)
WILLIAMS CEDAR, LLC
1515 Market Street, Suite 1300
Philadelphia, Pennsylvania 19102-1931
Phone: 215.557.0099
Fax:   215.557.0673
gwilliams@williamscedar.com
sfriedman@williamscedar.com

Michelle Simpson Tuegel (NY ID #5733639)
THE SIMPSON TUEGEL FIRM
3301 Elm Street
Dallas, TX 75226
Phone: 214.774.9121
michelle@stfirm.com

**Of Counsel:**

Muhammad S. Aziz
ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & AZIZ
800 Commerce Street
Houston, Texas 77002-1776
Phone: 713-222-7211
Fax:   713-225-0827
maziz@awtxlaw.com

*Pro Hac Vice* **Application to be Filed:**

Beth G. Cole
WILLIAMS CEDAR, LLC
1515 Market Street, Suite 1300
Philadelphia, Pennsylvania 19102-1931
Phone: 215.557.0099
Fax:   215.557.0673
bcole@williamscedar.com

*Attorneys for Plaintiff*

14

## VERIFICATION

John Martin affirms as follows:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
John Martin, Plaintiff